DUSTIN R. MATTHEWS (14252)
ATTORNEY AT LAW
506 South Main St., Suite 101
Bountiful, Utah 84010
Telephone: (801)769-6529
Facsimile: (855)554-7154
dustin@dustinmatthewslaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SPARKY'S LLC, a limited liability company,<br><br>*Plaintiff*,<br>v.<br><br>UTAH PRETZEL, L.C. a limited company dba PRETZELMAKER, SATTERFIELD HELM MANAGEMENT INC. a corporation dba VALLEY FAIR MALL; and DOE<br><br>*Defendants*. | **COMPLAINT**<br><br>Civil No.:<br><br>Judge: |

COMES NOW, Plaintiff Sparky's LLC by and through its attorney of record, Dustin R. Matthews, and hereby complains against Defendants Utah Pretzel, L.C. doing business as Pretzelmaker, Satterfield Helm Management, Inc. doing business as Valley Fair Mall, and Doe. In support of its complaint it alleges the following:

**I. OVERVIEW**

1. Plaintiff brings this action, under the United States antitrust laws against Defendants for illegal conduct arising from Defendants' anticompetitive acts affecting the markets for ready-made soft-pretzels. As a result of Defendants' anticompetitive conduct, Plaintiff has sustained injury for which it seeks money damages and other

1

appropriate relief to compensate it for the harm suffered and injunctive relief to end the illegal conduct.

2. Defendant Utah Pretzel, L.C. doing business as Pretzelmaker (hereinafter referred to as "Utah Pretzel" or "Pretzelmaker") has monopolized or attempted to monopolize the relevant market.

3. Defendant Satterfield Helm Management, doing business as Valley Fair Mall (hereinafter referred to as "Valley Fair" or "Valley Fair Mall") has conspired with Defendant Utah Pretzel in order to oust the Plaintiff from its location at the Valley Fair Mall and remove competition from the market.

4. This anticompetitive conduct has injured competition and consumers in the United States by reducing output, excluding competitors, and raising prices.

## II. JURISDICTION AND VENUE

5. This Complaint is filed and the jurisdiction of this Court is invoked under §§4 and 15 of the Clayton Act, 15 U.S.C. §§15 and 26. Plaintiff seeks to recover treble the amount of damages it has sustained as the result of defendants' violations of §§1 and 2 of the Sherman Act, and seek to prevent and restrain such violations.

6. This Court has jurisdiction over this action pursuant to §4 of the Sherman Act, 15 U.S.C. §4 and 28 U.S.C. §§1331 and 1337.

7. Venue lies in the Central Division of the United States District Court for the District of Utah pursuant to §11 of the Clayton Act, 15 U.S.C. §22 and 28 U.S.C. §1391. Defendants are licensed to do business, transact business, and are within the jurisdiction of this Division for purposes of service of this complaint. The violations,

actions, and omissions referenced in this Complaint have been performed within the Central Division of the District of Utah.

8. Interstate trade and commerce have been substantially and directly affected by the defendants' unlawful conduct, including trade and commerce in the sale of ready-made soft-pretzels.

### III. PARTIES

9. Plaintiff Sparky's LLC (hereinafter referred to as "Sparky's" or "Plaintiff") is a vendor of ready-made soft-pretzels established under the laws of the State of Utah. Sparky's first established itself in September 2004 at a location in Trolley Square Mall. In 2004 Sparky's entered into a lease agreement with Defendant Valley Fair Mall which the two parties renewed annually in August until July 2010.

10. Plaintiff has a private right of action to pursue this claim pursuant to 15 U.S.C.A. §15.

11. Defendant Utah Pretzel is a Utah limited company that owns and operates 13 Pretzelmaker franchise locations in Utah. With the exception of a single Auntie Anne's Pretzel Shop in the Salt Lake City Airport, Defendant Utah Pretzel is the exclusive vendor of ready-made soft-pretzels in Utah.

12. Defendant Satterfield Helm Management Inc. is a Utah corporation doing business in the state of Utah and headquartered in West Valley City, Utah owning, controlling, directing, and otherwise doing business as Valley Fair Mall.

13. Valley Fair Mall is a centralized shopping area which houses over 120 stores, including approximately 24 restaurants, and other retail service providers.

14. Doe Defendant is an entity that may have participated in the conduct, occurrences and omissions alleged in this Complaint. Plaintiff hereby reserves its right to name one or

more such Doe Defendants as a named party defendant should discovery establish or suggest the need for such procedural action.

## IV. GENERAL FACTUAL ALLEGATIONS

**Circumstances of Plaintiff's Dealings with Defendant Valley Fair Mall**

15. Plaintiff Sparky's is a business which sold ready-made soft-pretzels.

16. In or around October 2004 Plaintiff Sparky's entered into an occupancy agreement with Valley Fair Mall agreeing to own and operate a branch of Sparky's within the mall in assigned space C106.

17. Plaintiff maintained its lease despite Valley Fair Mall's decision to initiate a renovation project in 2007 which detrimentally affected Plaintiff's revenue and profits under the belief that Valley Fair Mall would agree to extend its lease once construction was completed.

18. On June 9, 2009 Defendant Valley Fair Mall sent offered to extend its agreement with Plaintiff through August 31, 2010. Plaintiff accepted this agreement in or around August, 2009.

19. Throughout 2009 and into January of 2010, Plaintiff and Valley Fair Mall were in talks to make Plaintiff a permanent tenant, potentially offering the Plaintiff a ten-year lease.

20. On or around March 25, 2010, Plaintiff was informed by Valley Fair Mall that it would not offer the Plaintiff an extension on its lease. Furthermore, Plaintiff was to prematurely vacate the space by July 25, 2010.

21. Plaintiff was informed that it could renew its lease only if it: (1) no longer sold any pretzels or pretzel-related products; (2) if it stopped offering any food or drink items

present on or associated with Sparky's menu; and (3) that Plaintiff change its name, and relocate from its space in C106 to another space in the mall located in an undeveloped corridor of Valley Fair Mall.

**Defendants' Anticompetitive Conduct Restrains Trade and Threatens to Give Defendant Utah Pretzel a Monopoly in the Ready-made Soft Pretzel Market.**

22. Defendant Utah Pretzel and Valley Fair Mall entered into an agreement, or reached a meeting of the minds, on or around March 2010 (hereinafter "the 2010 Agreement") to remove Plaintiff Sparky's from Valley Fair Mall.

23. At the time of the 2010 Agreement, Defendant Utah Pretzel and the Plaintiff were competing for the same type of business in the same geographic markets.

24. The 2010 Agreement resulted in and had the direct effect of eliminating Defendant Utah Pretzel's primary commercial competition in Valley Fair Mall and reducing their competition in the relevant market throughout Utah.

25. As a result of the 2010 Agreement, Defendant Utah Pretzel succeeded in or had the dangerous probability of succeeding in obtaining a monopoly over the sale of ready-made soft-pretzels and pretzel-related products in Utah.

26. Despite being the only significant commercial vendors of ready-made soft-pretzels, Defendant Utah Pretzel has taken steps to restrain competition, maintain and increase their dominant market shares, and make it more difficult for other companies to compete against them in Utah.

27. Plaintiff approached every mall in Salt Lake, Davis, and Utah County and was told that it would be able to open up a store in their mall; however it would not be allowed to sell pretzels or pretzel-related products. Defendant Utah Pretzel had locations in each of these malls.

28. Plaintiff vacated its store in Valley Fair Mall on July 25, 2010. Defendant Utah Pretzel subsequently opened a franchise location in the mall in or around August, 2010.

**Ready-Made Soft Pretzel Products and Market**

29. The relevant product market in this case is the market for the provision of ready-made soft pretzels in Northern Utah.

30. A distinct market exists for ready-made soft pretzels.

31. There are no close substitutes for ready-made soft pretzels.

32. The geographic market in this case is Northern Utah, including Davis, Utah, Salt Lake, and Weber Counties.

## COUNT I

### (Monopolization or Attempt to Monopolize by Defendants)

33. Plaintiff hereby realleges and incorporates paragraphs 1 through 32 above the same as if set forth herein in full.

34. In 2010, Defendants conspired to oust Plaintiff Sparky's from the Valley Fair Mall.

35. Defendant Utah Pretzel has acted with an intent to monopolize and exclude competition in the market for ready-made soft-pretzels in the State of Utah in violation of Section 2 of the Sherman Act, 15 U.S.C. §2

36. The Defendants' conspiracy to monopolize the relevant markets has consisted of the Defendants' conspiring to bar the Plaintiff from competing in the relevant market.

37. On information and belief, Defendants willfully engaged in the actions as alleged above, which constitute violations of Section 2 of the Sherman Act (15 U.S.C. §2),

6

and Defendants specifically monopolized or attempted to monopolize the relevant market.

38. Defendants have acted in concert to bar competition, including the Plaintiff from remaining in the relevant market.

39. There is a dangerous probability that Defendant Utah Pretzel will succeed in its attempt to monopolize or maintain its monopoly in the ready-made soft pretzel market in Utah.

40. Defendant Utah Pretzel's monopolization of the relevant market has consisted of Utah Pretzel obtaining a monopoly in the ready-made soft pretzel market with approximately a 92% share of the relevant market and engaging in the above alleged predatory and/or anticompetitive conduct to maintain its monopoly power in each market.

41. Defendants' actions, as alleged above, have unlawfully injured competition in and adversely affected interstate commerce and business activities in interstate commerce.

42. Defendants' concerted actions and Defendant Utah Pretzel's unilateral actions in violation of §2 of the Sherman Act, 15 U.S.C. §2, have proximately caused injury to the Plaintiff by, decreasing profits and ousting the Plaintiff as a competitor in the relevant markets and thus diverting its profits to Defendant Utah Pretzel. As a result, Plaintiff has suffered damages to its business, profits, or property by Defendants in an amount to be proven at trial.

43. Pursuant to §4 of the Clayton Act, 15 U.S.C. §15, and otherwise, Plaintiff is entitled to recover treble damages and all costs, including attorneys' fees, incurred by the Plaintiff in pursuing its claims against Defendants.

44. Pursuant to §16 of the Clayton Act, 15 U.S.C. §26, and otherwise, Plaintiff is entitled to an injunction prohibiting Defendants from the anticompetitive conduct set forth herein.

45. Plaintiff will continue to suffer damages as a result of the unlawful actions of Defendants unless Defendants, their officers, agents, employees, assignees, attorneys, and all other such persons acting in concert with Defendants are permanently enjoined from continuing such actions.

## COUNT II

### (Agreement in Restraint of Trade By Defendants)

46. Plaintiff hereby realleges and incorporates paragraphs 1 through 45 above the same as if set forth herein in full.

47. Commencing in approximately March 2010 and continuing uninterruptedly to the date of filing this Complaint, Defendants Utah Pretzel and Valley Fair Mall have contracted, combined, and conspired in unreasonable restraint of trade in the sale of ready-made pretzels and pretzel-related foods in violation of §1 of the Sherman Act, 15 U.S.C. §1.

48. Such continuing contracts, combinations, and conspiracies have substantially and adversely affected trade and commerce among the several states. Specifically, Defendants have done the following:

    a. Defendants Utah Pretzel and Valley Fair Mall have contracted, combined, and conspired to remove and exclude the Plaintiff, as well as other competition, from participating in the selling of pretzels and pretzel-related products in violation of §1 of the Sherman Act, 15 U.S.C. §1. Such conspiracy to remove

and exclude the Plaintiff and other competitors from the marketplace is a per se violation of §1 of the Sherman Act by reason of the Defendant Utah Pretzel's market power and dominant market position in the sale of pretzel and pretzel-related products in Northern Utah.

    b. Defendant Utah Pretzel's dominant market position arises from and is demonstrated by the following:

        i. Pretzelmaker locations owned by Defendant Utah Pretzel are the exclusive vendors of ready-made soft pretzels and soft pretzel-related products in Utah, Salt Lake, and Davis County, with the exception of a single Auntie Anne's Pretzel Shop located in the Salt Lake City Airport. This constitutes 92% of the market for ready-made soft pretzel vendors in Utah.

       ii. Plaintiff was informed that it could open a shop but could not sell pretzels, pretzel-related items, or any of the items included on the Sparky's menu. These items each have counterparts to the items included on Defendant Utah Pretzel's menu.

      iii. On information and belief, Defendant Utah Pretzel requires that malls agree to anticompetitive clauses which bar the entry of any competition from locations where they operate a Pretzelmaker shop.

49. Defendants' actions created a *de facto* boycott of Plaintiff's business and Defendant Utah Pretzel's competitors and constituted an unreasonable restraint of trade.

50. As a result of the Defendants' anticompetitive actions, Plaintiff has suffered damages from a loss to Plaintiff's commercial business in an amount to be determined at trial.

51. Defendants' actions negatively impacted the relevant market by reducing the output of product into the relevant market and simultaneously limiting consumer choice.

52. Pursuant to §4 of the Clayton Act, 15 U.S.C. §15, and otherwise, Plaintiff is entitled to recover treble damages and all costs, including attorneys' fees, incurred by the Plaintiff in pursuing its claims against Defendants.

53. Pursuant to §16 of the Clayton Act, 15 U.S.C. §26, and otherwise, Plaintiff is entitled to an injunction prohibiting Defendants from the anticompetitive conduct set forth herein.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for injury and damage to its business and livelihood resulting from the Defendants' antitrust violations as follows:

1. The Court adjudge that Defendants have engage in illegal contracts, combinations, conspiracies, and other agreements in unreasonable restraint of trade in violation of §1 of the Sherman Act, 15 U.S.C. §1.

2. The Court adjudge that Defendant Pretzelmaker has attempted to monopolize in violation of §2 of the Sherman Act, 15 U.S.C. §2.

3. The Court temporarily and permanently enjoin each Defendant, its officers, directors, and agents, from barring the entry of the Plaintiff into the relevant marketplaces through any existing or future contract, agreement, or other mechanism, device, or action.

4. The Court temporarily and permanently enjoin Defendants from the commission of the acts in violation of §§1 and 2 of the Sherman Act as alleged herein in this Complaint.

5. That Plaintiff recover treble damages from Defendants, jointly and severally, for their violations of §§1 and 2 of the Sherman Act treble the amount of damages sustained by the Plaintiff pursuant to §4 of the Clayton Act, 15 U.S.C. §15.

6. Plaintiff recover from Defendants, its costs of suit, including reasonable attorneys' fees pursuant to §4 of the Clayton Act, 15 U.S.C. §15.

7. Plaintiff be awarded such further and other relief as the law may permit and the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of February, 2014

/s/Dustin R. Matthews
Dustin R. Matthews
*Attorney for Plaintiff*